OKLAHOMA TURNPIKE AUTHORITY, Plaintiff in Error,

v.

BOARD OF COUNTY COMMISSIONERS, OTTAWA COUNTY, State of Oklahoma, and Roy Kopp, Earl E. Perry, Hallie Payton, H. H. Merit, Cleo C. Needham, S. D. Goodwin, John F. Armagost, Leonard Angel, Lewis Copp, Everett Barger, Ira L. Greninger, Glen Harp, Leroy Davis, Ralph Cantwell and Mervin Kline, Defendants in Error.

No. 37778.

Supreme Court of Oklahoma.

July 8, 1958.

Rehearing Denied July 30, 1958.

Application for Leave to File Second Petition for Rehearing Denied Sept. 9, 1958.

As Corrected Sept. 11, 1958.

Jack Brown, Miami, Looney, Watts, Looney & Nichols, Anna B. Otter, Oklahoma City, for plaintiff in error.

James Reed, County Atty., Robert S. Gee, Asst. County Atty., R. W. Smith and J. J. Smith, Miami, for defendants in error.

CORN, Vice Chief Justice.

When it was learned that the Oklahoma Turnpike Authority was not going to build a grade separation or overpass at the intersection of the turnpike project, and a certain section line county road in Ottawa County, the Board of County Commissioners of Ottawa County, Oklahoma, joined by individual property owners living in the area, brought an action against the Authority seeking a writ of mandamus to force it to build such grade separation. It was their position that such road was well used and necessary for the convenience of the

people living in the area. In addition, and by amendment to the petition it was further contended that section line roads designated in the treaty with the Cherokee Nation, and so recognized by the Constitution of the State of Oklahoma, must be kept open.

The Authority answered contending that the writ would not lie to compel the construction of such grade separation, it being a matter calling for the exercise of judgment and discretion by it. It further denied that the road in question was well used and necessary for the convenience of the people, stating that a grade separation at another point had been provided for the people in the area, over and across the turnpike. In addition, by amendment, it took the position that all parties to the action had been fully settled with and they, therefore, could not maintain this action.

At the conclusion of the trial the court entered judgment for the defendant denying the writ finding that it was discretionary on the part of the Authority as to whether or not it construct a grade separation at the intersection of the turnpike project with the section line road in question, and that the plaintiff had failed to sustain the burden of proof to show that its discretionary act in refusing to build same was a gross abuse of discretion, fraudulent, capricious, arbitrary or without reason.

Motion for new trial was duly filed. Upon hearing the Court entered its order sustaining such motion and granted a new trial.

Defendant first contends that 69 O.S. 1957, Supp. § 656, empowers it to close the disputed intersection within its discretion and absent of abuse of discretion, fraud or gross invasion of private right, by

arbitrary and capricious acts such closing is not subject to mandamus.

■ A writ of mandamus will lie to compel the performance of any act which the law specifically enjoins as a duty. There must be a clear legal right on plaintiff's part, coupled with a plain legal duty on defendant's part.

To determine the authority and power granted to the Oklahoma Turnpike Authority, in so far as a grade crossing is concerned, we must look to 69 O.S.1957, Supp. § 656, which provides in part as follows:

"* * * The Turnpike Authority shall have authority to construct grade separations at intersections of Turnpike projects with county highways and city streets and it shall construct grade separations at intersections of any Turnpike project with county highways used as mail or school bus routes, or section lines which are well used and are necessary for convenience of people living in these areas. * *"

This portion of section 656 requires the Authority to construct grade separations at intersections of any Turnpike project and "section lines which are well used and are necessary for the convenience of the people living in these areas."

■■ We hold that the trial court did not err in granting a new trial.

In view of our conclusions herein expressed a determination of whether or not there is a constitutional bar which deprives the Authority of the right to vacate a section line road in former Indian Territory is unnecessary.

Judgment affirmed.

DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.